# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA                )
                                        )       CASE NO.    EDTN 3:25-CR-118
                                        )                   DSC  3:25-CR-140
        v.                              )
                                        )       JUDGE VARLAN
ANDREW WORRALL                          )

## UNIVERSAL PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee (EDTN), and the defendant, ANDREW WORRALL, and Defendant's attorneys, Nathaniel R. Ogle and Charles C. Burks, Jr., have agreed upon the following:

1.      Defendant has consented to the transfer of his case from the District of South Carolina (DSC) to the EDTN and will plead to both the EDTN and DSC indictments in a universal plea agreement. Defendant will plead guilty to the following counts in the indictments:

EDTN Indictment

(a)     Defendant will plead guilty to count one of the Indictment charging Defendant with Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) and (e).

DSC Indictment

(a)     Defendant will plead guilty to count one of the Indictment charging Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e).

2.      The punishment for both counts is are as follows: A mandatory minimum of not less than fifteen (15) years and not more than thirty (30) years imprisonment; a maximum of $250,000.00 fine, a mandatory five (5) years up to life on supervised release, forfeiture, restitution

for the victim, a maximum of a $50,000.00 assessment pursuant to 18 U.S.C. §2259A(a)(3), a maximum of $5,000.00 assessment pursuant to 18 U.S.C. §3014(a)(3) and a $100.00 special assessment fees.

3.     In consideration of Defendant's guilty pleas, the United States agrees to move the Court at the time of sentencing to dismiss count two of the EDTN indictment and the forfeiture count in the DSC[1] Indictment.

4.     Defendant has read the indictments, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses charged in the EDTN and DSC are as follows:

(a)     The defendant attempted to employ, use, persuade, induce, or entice an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so;

(b)     The individual was a minor at the time; and

1)     The depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce; or

2)     Defendant knew or had reason to know that the visual depiction was going to be transported in interstate or foreign commerce; or

3)     The visual depiction was actually transported in interstate or foreign commerce.

5.     In support of Defendant's guilty plea, Defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of Defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts

---

[1] Defendant understands the forfeiture against Defendant will travel under the EDTN indictment.

may be relevant to sentencing. Both Defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On July 18, 2025, the Department of Energy – Office of the Inspector General (DOI-OIG) received an email and screen shots regarding Defendant who was employed as the Director of Oak Ridge National Laboratory's (ORNL) nuclear energy programs. The email and screen shots alleged Defendant was communicating with a female he believed to be sixteen (16) for the purposes of sex. The communication was on the application Snapchat.

An investigation began, and Defendant's Snapchat records were legally obtained and reviewed. The records reviewed found Defendant was sexually exploiting minors in different states.

## EDTN FACTS

On July 7, 2025, while in the EDTN, Defendant contacted a seventeen (17) year old minor, MV1, using the internet and his Snapchat account. The following communication occurred:

| | |
|---|---|
| D: | Hi! |
| MV1: | Hi daddy |
| D: | How old are you I really don't mind. I just like to know |
| MV1: | 17 |
| D: | Got pics to show me you are real? |
| MV1: | (sends three pics of her clothed) |
| D: | Beautiful lady |
| MV1: | Ty |
| D: | So do you usually like older guys? |
| MV1: | Yes |
| D: | Do tell me more You like to play? Be a good girl? |

3

| | |
|---|---|
| MV1: | Can I see u too? |
| D: | (sends multiple images of himself) |
| MV1: | U looking good |
| D: | Thank you I like younger girls |
| MV1: | I like older men |
| D: | So I hope you don't mind an older guy You been fucked by an older man? |
| MV1: | No |
| D: | So this is like maybe a link? Kink*Something you fantasize about? |
| MV1: | Mhm |
| D: | Mmmm I love that Would you like to make daddy all hard now for you? |
| MV1: | Yes daddy |
| D: | (SENDS AUDIO MESSAGE): *Be a good girl then and show daddy your beautiful little body. So daddy can stroke his big thick cock for you.* |
| MV1: | (SENDS VIDEO) |
| | [The video depicts MV1 with long manicured nails masturbating with vagina exposed.] |
| D: | Would you like voice messages or just text? Mmmmmmmm |
| MV1: | whatever you prefer |
| D: | Good girl. You want to show daddy your beautiful little titties? I bet you have such a prefect little body. Daddy would love. |
| MV1: | (SENDS IMAGE) |
| | [Image is of MV1's exposed breasts.] |
| D: | You are so cute |
| MV1: | Ty |

4

D:          (SENDS AUDIO MESSAGE): *How about you slide a finger in that beautiful wet pussy for me. Let me see how you finger fuck yourself for daddy.*

MV1:        I cant Ihave long nails

D:          (SENDS AUDIO MESSAGE): *Do you have something maybe you can use instead? Maybe a little hairbrush?*

MV1:        Probably yeah

D:          (SENDS AUDIO MESSAGE): *Would you like to do that for me? Is that something you do in your bedroom on your own? Ahh. Your turning me…inaudible.*

MV1:        (SENDS VIDEO TO THE DEFENDANT USING THE INTERNET)

[The video depicts MV1 using a hairbrush to masturbate. The manicured nails are consistent with the other videos and one of the images previous sent.]

MV1:        (SENDS A SECOND VIDEO TO THE DEFENDANT USING THE INTERNET:

[The video depicts MV1 again using a hairbrush to masturbate.]

D:          That's so hot

MV:         Ty

D:          (SENDS AUDIO MESSAGE): *Be a good girl and show me slowly all of your body. Slowly pass that camera over all of your body. I want to stroke my….*

D:          are you still there? Emoji

[Defendant continues to try and get the MV1 to respond, including sending a video of Defendant masturbating.]

5

## DSC FACTS

On July 7 and 8, 2025, Defendant contacted another seventeen (17) year old minor, MV2, who was in DSC using the internet and his Snapchat account. The following communication that occurred was similar to his communication with MV1.

Defendant started by asking MV2's age. MV2 initially stated she was 18 but later stated she would be 18 in 6 months. Defendant prompted MV2 to prove she was real by sending pictures. MV2 sent clothed images and a live video saying she's real and from Charleston. After Defendant was able to get MV2 to send him a video of MV2 exposing her breasts, he then said: "Show me how you play with your pussy baby. Make daddy cum for you." MV2 responded by sending images and videos of her putting her fingers in her vagina to Defendant.

6. Defendant admits that on July 7, 2025 in the EDTN and on July 7 and 8, 2025 in the DSC he did use minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and Defendant knew or had reason to know that the visual depiction would be transported using a means or facility of interstate commerce by any means.

7. Defendant is pleading guilty because Defendant is in fact guilty. Defendant understands that, by pleading guilty, Defendant is giving up several rights, including:

      a)    the right to plead not guilty;

      b)    the right to a speedy and public trial by jury;

      c)    the right to assistance of counsel at trial;

      d)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

      e)    the right to confront and cross-examine witnesses against the defendant;

6

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

8. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and in consideration of all of the terms of this plea agreement in conjunction with the policy statement set forth in United States Sentencing Guidelines § 6B1.2(b) and related commentary, the United States agrees that at the time of sentencing:

a) For sentencing purposes only, the United States and Defendant stipulate, agree, and recommend to the Court to cap the sentence at two hundred and thirty-five (235) months imprisonment is the appropriate punishment for Defendant in this case. Additionally, the Court will impose supervised release within the mandatory five (5) years up to life, may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate.

b) However, per Rule 11(c)(1)(B), both parties understand the terms set forth in Paragraph 6(a) of this plea agreement are not binding on the Court, and if rejected by the Court, may not be used as a basis to rescind this plea agreement or withdraw Defendant's guilty plea.

9. Given Defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if Defendant's offense level is 16 or greater, and Defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should Defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for Defendant's

7

offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that Defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

10. Defendant agrees to pay the special assessments in this case prior to sentencing.

11. Unless otherwise limited by an agreed preliminary order of forfeiture, Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of Defendant or Defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. § 2251, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of Defendant's criminal activities which are in the possession or control of Defendant or Defendant's nominees. This specifically includes, but is not limited to, the Real Property located at 12509 Daisy Field Ln., Farragut, TN 37934, and/or any proceeds from the sale of the Real Property.

12. Defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by a nominee. Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. Defendant agrees not to object to any administrative, civil, or criminal

8

forfeiture brought against these properties. Defendant agrees to take all such steps to locate such property and to pass title to the United States before Defendant's sentencing.

13. In the event a money judgment forfeiture is ordered, Defendant agrees to send all money judgment payments to the United States Marshals Service. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If Defendant cannot pay the full amount immediately and is placed in custody, Defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. Defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. Defendant and counsel also agree that Defendant may be contacted post-judgment regarding the collection of the money judgment without notifying Defendant's counsel and outside the presence of Defendant's counsel.

14. Defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as Defendant's *charged* offenses.

15. Financial Obligations. Defendant agrees to pay all fines and/or restitution to the Clerk of Court. Defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, Defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. Defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal

9

payments, execution on non-exempt property, and any other means the United States deems appropriate. Defendant and counsel also agree that Defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying Defendant's counsel and outside the presence of Defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, Defendant agrees to disclose fully all assets in which the defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, Defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant in order to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, Defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of Defendant.

16. Defendant voluntarily, knowingly, and intentionally agrees to the following:

a) Defendant will not file a direct appeal of Defendant's conviction(s) or sentence with one exception: Defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. Defendant also waives the right to appeal the Court's determination as to whether Defendant's sentence will be consecutive or partially concurrent to any other sentence.

10

b)   Defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack Defendant's conviction(s) or sentence, with two exceptions: Defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c)   Defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

17.   Defendant acknowledges that Defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: (1) where Defendant resides; (2) where Defendant is employed; and (3) where Defendant is a student. Defendant understands that the requirements for registration include providing: (1) Defendant's name; (2) residence address; and (3) the names and addresses of any places where Defendant is, or will be, an employee or a student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which Defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations will subject Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

18.   Defendant agrees that Defendant is a removable-alien and that he currently has legal permanent resident (LPR) status until April 15, 2025, when his status expires. (see ADIS Person ID 71700499). Defendant agrees he will not apply for renewal of his LPR status and further agrees to all judicial orders of removal. Defendant waives all forms of relief from removal or exclusion and

11

agrees to abandon any pending applications for such relief and to cooperate with the Department of Homeland Security during removal proceedings. Defendant further agrees to obtain any travel documents, including but not limited to identification documents and passport, necessary to facilitate Defendant's return to Defendant's country of origin.

19. This plea agreement becomes effective once it is signed by the parties and is not contingent on Defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, Defendant will have the right to withdraw from this agreement. If Defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute Defendant for any and all federal crimes that Defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. Defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. Defendant also understands that a violation of this plea agreement by Defendant does not entitle Defendant to withdraw Defendant's guilty plea(s) in this case.

20. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

21. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning Defendant's guilty plea to the above-referenced

12

charge(s), and there are no other agreements, promises, undertakings, or understandings between Defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

_____2/1/2026_____
Date

By: _____
Jennifer Kolman
Assistant United States Attorney

_____12/24/25_____
Date

_____
Andrew Worrall
Defendant

_____1/13/26_____
Date

_____
Nathaniel R. Ogle and Charles C. Burks, Jr.
Attorneys for the Defendant

13